1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12  DAIRY EMPLOYEES UNION LOCAL )        5:14-cv-01295-RSWL-MAN
    NO. 17 CHRISTIAN LABOR      )
13  ASSOCIATION OF THE UNITED   )
    STATES OF AMERICA PENSION    )      **Order re: Plaintiffs'**
14  TRUST *and* BOARD OF TRUSTEES )     **Motion to Strike**
    OF THE DAIRY EMPLOYEES       )
15  UNION LOCAL NO. 17           )       **Affirmative Defenses &**
    CHRISTIAN LABOR ASSOCIATION )        **Immaterial & Impertinent**
16  OF THE UNITED STATES OF      )       **Allegations** [13]
    AMERICA PENSION TRUST,       )
17                               )
                                 )
18            Plaintiffs,        )
                                 )
19                               )
         v.                      )
20                               )
                                 )
21  FERREIRA DAIRY,              )
                                 )
22                               )
              Defendant.         )
23                               )
    _____)
24
                          **INTRODUCTION**
25
         Currently before the Court is Plaintiffs'[1] Motion
26

27  _____

28       [1] Dairy Employees Union Local No. 17 Christian Labor
    Association of the United States of American Pension Trust; Board
    of Trustees of the Dairy Employees Union Local No. 17 Christian

                                1

1  to Strike Affirmative Defenses and Immaterial and

2  Impertinent Allegations [13] in Defendant Ferreira

3  Dairy's Answer [9].

4       The Court, having reviewed all papers submitted and

5  pertaining to this motion, **NOW FINDS AND RULES AS**

6  **FOLLOWS:** The Court **GRANTS** Plaintiffs' Motion to Strike

7  Affirmative Defenses and Immaterial and Impertinent

8  Allegations [13] as follows.

9                          <u>BACKGROUND</u>

10 **A. Factual Background**

11      This is an action by an alleged ERISA pension fund,

12 Dairy Employees Union Local No. 17 Christian Labor

13 Association of the United States of American Pension

14 Trust ("Plaintiff Fund"), and its Board of Trustees

15 ("Board") (collectively "Plaintiffs") to collect

16 withdrawal liability from Defendant Ferreira Dairy

17 ("Defendant") pursuant to ERISA, 29 U.S.C. § 1381 *et*

18 *seq.* Compl. ¶ 1.

19      Plaintiffs allege that Plaintiff Fund is a trust

20 fund and an employee benefit plan, maintained for the

21 purpose of providing retirement and related benefits to

22 eligible participants. Compl. ¶ 5. Plaintiffs allege

23 that Plaintiff Fund is also a multi-employer pension

24 plan within the meaning of Section 1002(37) of ERISA,

25 29 U.S.C. § 1002(37). <u>Id.</u> Plaintiffs bring this

26 Action on behalf of themselves and on behalf of plan

27  _____

28 Labor Association of the United States of American Pension Trust

1  participants and beneficiaries pursuant to Sections 502
2  and 4301 of ERISA, 29 U.S.C. §§ 1132, 1451.  Id. ¶ 8.

3      Plaintiffs allege that Defendant is an employer in
4  an industry affecting commerce within the meaning of
5  Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §§
6  1002(5), (11), (12).  Id. ¶ 9.  Plaintiffs allege that
7  Defendant was, until March 31, 2012, a signatory to a
8  collective bargaining agreement with Plaintiff Fund
9  that required Defendant to make contributions to the
10 Fund to provide pension and related benefits to
11 Defendant's employees performing work described in the
12 collective bargaining agreement.  Id. ¶ 11.

13     Plaintiffs allege that Defendant withdrew from
14 Plaintiff Fund in March 2012.  Id. ¶ 13.  Plaintiff
15 alleges that, as a result of Defendant's "complete
16 withdrawal" from the Plaintiff Fund, Defendant is
17 "jointly and severally liable for withdrawal liability,
18 as required by the Pension [Trust's] Restated Pension
19 Plan and Trust Agreement" and by Section 4001(b)(1) and
20 4201(a) of ERISA, 29 U.S.C. §§ 1301(b) and 1381(a).
21 Id. ¶ 14.

22     Plaintiffs allege that, after notifying Defendant
23 of its withdrawal liability and a quarterly payment
24 scheme, Plaintiffs, to date, have not received any
25 payments from Defendant.  Id. ¶¶ 15-18.  Plaintiffs
26 allege that because Defendant has failed and refused to
27 pay its withdrawal liability, Defendant is in default
28 (as defined by 29 U.S.C. § 1399(c)(5)), which entitles

Plaintiffs to accelerate the withdrawal liability debt and receive interest and liquidated damages. Id. ¶ 17. Plaintiffs allege that Defendant has not requested review or initiated arbitration pursuant to 29 U.S.C. §§ 1399(b)(2)(A) and 1401. Id. ¶ 19.

In Defendant's Answer, Defendant denies that it owes any sum to Plaintiffs and pleads fifteen affirmative defenses. Def.'s Answer ("Answer"), ECF No. 9. Plaintiffs request the Court to strike Defendants First, Second, Third, Fourth, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Affirmative Defenses,[2] as well as the allegations in paragraphs five through seven of Defendant's Answer, except for the first sentence in each of those paragraphs. Pl.'s Reply ("Reply") 7:9-13.

**B. Procedural Background**

On June 25, 2014, Plaintiffs filed this Action [1]. On September 29, 2014, Defendant filed its Answer [9]. On October 20, 2014, Plaintiffs filed the present Motion to Strike ("Motion") [13]. On October 28, 2014, Defendant filed its Opposition to the Motion [18]. On November 4, 2014, Plaintiffs filed its Reply [19].

---

[2] Plaintiffs initially requested the Court "to strike all of Defendant's affirmative defenses," Mot. P&A 10:19-20, but Plaintiffs' Reply requests that the Court strike only Defendant's First, Second, Third, Fourth, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Affirmative Defenses. Reply 7:9-13. The Court may still consider Defendant's other affirmative defenses, as Rule 12(f) allows the Court to strike matters in pleadings on the Court's own motion. Fed. R. Civ. P. 12(f).

4

Defendant properly filed a Supplemental Opposition on November 14, 2014 [21].  The hearing was set for November 18, 2014 [13], and the Motion was taken under submission on November 13, 2014 [20].

## DISCUSSION

### A.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may, on its own or on a party's motion, strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matter from a pleading.  Fed. R. Civ. P. 12(f); Amini Innovation Corp. v. McFerran Home Furnishings Inc., No. CV-13-6496-RSWL, 2014 WL 360048, at *2 (C.D. Cal. Jan. 31, 2014).  The function of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial."  Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010).

Before a motion to strike affirmative defenses may be granted, the Court "must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed."  Jones v. Sweeney, No. CV-F-04-6214-AWI-DLB, 2006 WL 1439080, at *1 (E.D. Cal. May 24, 2006) (citing SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995)).  "[C]ourts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike."  Whittlestone,

618 F.3d at 973 (internal quotation marks and alterations omitted).

The grounds for a motion to strike must appear on the face of the pleading under attack. Id.  When ruling on a motion to strike, the Court must view the pleading under attack in the light most favorable to the pleader. Amini, 2014 WL 360048, at *2.  If a motion to strike is granted, leave to amend should be freely given unless leave to amend would not be in the interest of justice. Id. (citing Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979)).

**B.   Insufficient Defense**

"An affirmative defense may be insufficient as a matter of pleading or as a matter of law." Empl. Painters' Trust v. Pac. N.W. Contractors, Inc., No. C13-05018-BHS, 2013 WL 1774628, at *4 (W.D. Wash. Apr. 25, 2013).

1.   Legal Insufficiency

"[A]n affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'"[3] Empl. Painters' Trust, 2013 WL 1774628, at *4 (quoting McArdle v. AT&T Mobility LLC, 657 F. Supp. 2d 1140, 1149-50 (N.D. Cal.

---

[3] An affirmative defense that fails as a matter of law is also an "impertinent" allegation, as it does not pertain to, and is not necessary to, the issues in question. Empl. Painters' Trust, 2013 WL 1774628, at *4; see Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

2009), rev'd on other grounds, 474 F. App'x 515 (9th Cir. 2012)).  When determining the legal sufficiency of an affirmative defense on a motion to strike, the court "may not resolve disputed and substantial . . . legal issues."  Whittlestone, 618 F.3d at 973.  Any questions of law must be "clear and not in dispute."  Sands, 902 F. Supp. at 1165.

The legal sufficiency of an affirmative defense is determined in light of the related claim.  See, e.g., Amini, 2014 WL 360048, at *3-*5.  Here, Plaintiff Fund, an alleged ERISA pension plan, and its Board file the instant Action pursuant to ERISA to collect withdrawal liability from Defendant.  Compl. ¶ 1.

ERISA regulates pension plans, and the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA) amended ERISA to allow plans to impose proportional liability on withdrawing employers for the unfunded vested benefit obligations of multiemployer plans.[4]  Carpenters Pension Trust Fund for N. Cal. v. Underground Constr. Co., 31 F.3d 776, 778 (9th Cir.

---

[4] In Resilient Floor Covering Pension Fund v. M&M Installation, Inc., 630 F.3d 848, 851 (9th Cir. 2010), the Ninth Circuit explained:
> In a nutshell, ERISA, which was enacted in 1974, was intended to protect employees covered by pension plans from being deprived of anticipated benefits because of employer underfunding.  When it turned out to do so inadequately, MPPAA was enacted in 1980 to reduce an employer's incentive to terminate its affiliation with a multiemployer pension plan by requiring employers who do withdraw to pay the unfunded vested benefits attributable to the withdrawing employers' participation.

1994); see Pension Benefit Guar. Corp. v. R.A. Gray & Co., 467 U.S. 717, 720-25 (1984). "Congress enacted the MPPAA to protect the financial solvency of multiemployer pension plans,"[5] and the MPPAA "requires most employers who withdraw from underfunded multiemployer pension plans to pay 'withdrawal liability.'" Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferber Corp. of Cal., Inc., 522 U.S. 192, 195 (1997).

To state a claim for withdrawal liability, Plaintiffs must establish that:

(1) Plaintiff is/was a multiemployer pension plan under 29 U.S.C. § 1002(37);

(2) Defendant is/was an "employer" under 29 U.S.C. § 1381(a), which requires showing that Defendant had an obligation to contribute to the plan;

(3) Defendant "withdrew" from the plan under 29 U.S.C.

---

[5] The District Court for the Northern District of California explained:

> "Prior to the enactment of the MPPAA, employers could withdraw from pension plans without paying their share of the plans' unfunded vested benefit liability." Woodward Sand Co., Inc. v. W. Conf. Teamsters Pension Trust Fund, 789 F.2d 691, 694 (9th Cir. 1986). "The employers could simply cease making pension contributions (e.g., by ceasing covered business) and avoid any responsibility for the actual, but unfunded, liabilities of the plans." Id. "The other employers remaining in the plan were forced either to assume these additional liabilities or to withdraw, resulting in unfairness to the remaining employers or insolvency of the plan." Id. (citing R.A. Gray & Co., 467 U.S. at 722 n.2).

Pension Trust Fund for Operating Eng'rs v. Dalecon, Inc., No. 11-02851, 2014 WL 1007274, at *6 (N.D. Cal. Mar. 12, 2014) (some internal citations omitted) (formatting modifications added).

§ 1381(a);

(4) Plaintiff notified Defendant of the assessed liability in compliance with the MPPAA;

(5) Defendant failed to make a payment on the schedule set by the plan; and

(6) Defendant failed to initiate arbitration in a timely manner.[6]

### a. *Not an Affirmative Defense*

An affirmative defense "plead[s] matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." G & G Closed Circuit Events, LLC v. Nguyen, No. 10-CV-00168-LHK, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010) (internal quotation marks omitted). If an allegation labeled as an "affirmative defense" is not an affirmative defense, the improper "affirmative defense" should be stricken as a matter of law, but the allegation itself may still be properly plead or asserted in a different manner, such as a specific denial or in a motion to dismiss.

---

[6] See 29 U.S.C. § 1381(a) ("If an employer withdraws from a multiemployer plan in a complete withdrawal . . ., then the employer is liable to the plan in the amount determined under this part to be the withdrawal liability."); 29 U.S.C. § 1401(b)(1) (once no arbitration proceeding has been timely initiated, the plan fiduciary, or "plan sponsor," may go to state or federal court to collect withdrawal liability); see also Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc., 522 U.S. 192, 195-97 (1997); Pension Plan v. Yubacon Inc., No. C-12-04738, 2014 WL 5280759, at *4 (N.D. Cal. Oct. 14, 2014); Pension Plan for Pension Trust Fund for Operating Eng'rs v. J & K Sweeping, No. C 14-1179 CW, 2014 WL 4626008, at *7 (N.D. Cal. Sept. 15, 2014); Dalecon, Inc., 2014 WL 1007274, at *8.

See, e.g., <u>Vogel v. OM ABS, Inc.</u>, No. CV 13-01797 RSWL, 2014 WL 340662, at *3 (C.D. Cal. Jan. 30, 2014) (stating that when an affirmative defense challenges "an element of plaintiff's prima facie case, it is properly addressed through denial or a motion to dismiss" and fails as a matter of law).  An affirmative defense that fails as a matter of law should be stricken with prejudice, as leave to amend would be futile.  See, e.g., <u>id.</u>

Defendant's First Affirmative Defense asserts that Plaintiffs lack standing to bring their claims.  Answer 5:1-18.  Because "standing is an element of plaintiff's prima face case, it is properly addressed through denial or a motion to dismiss" and cannot as a matter of law operate as an affirmative defense.  <u>Vogel</u>, 2014 WL 340662, at *3.  Thus, Plaintiffs' Motion to Strike this affirmative defense is **GRANTED**, and Defendant's First Affirmative Defense is **STRICKEN WITH PREJUDICE.**  See, e.g., <u>id.</u>  Defendant may assert the allegations in Defendant's First Affirmative Defense in any other proper manner, but not as an affirmative defense.

Defendant's Fifteenth Affirmative Defense asserts that "Plaintiffs' claims are alleged against the wrong employer."  Answer 13:3-8.  This allegation challenges an element of Plaintiffs' prima facie case, as Plaintiffs bear the burden of establishing that Defendant had an obligation to contribute to Plaintiff Fund.  Thus, Defendant's Fifteenth Affirmative Defense

is not a proper affirmative defense and fails as a matter of law. Vogel, 2014 WL 340662, at *3. Though Plaintiffs did not request the Court to strike this affirmative defense, the Court will *sua sponte* **STRIKE WITH PREJUDICE** Defendant's Fifteenth Affirmative Defense for legal insufficiency. See, e.g., Baker v. Ensign, No. 11-cv-2060-BAS(WVG), 2014 WL 4161994, at *4 (S.D. Cal. Aug. 20, 2014) (striking an affirmative defense "*sua sponte*" pursuant to Fed. R. Civ. P. 12(f)). Defendant may assert this allegation in any other proper manner, but not as an affirmative defense. See, e.g., Vogel, 2014 WL 340662, at *3.

>    b.  *Committed to Mandatory Arbitration*

Under ERISA, as amended by the MPPAA, the express terms of § 1401(a)(1) state that "*any* dispute over withdrawal liability as determined under the enumerated statutory provisions [Sections 1381 through 1399] *shall* be arbitrated." Teamsters Pension Trust Fund-Bd. of Trs. of W. Conference v. Allyn Transp. Co., 832 F.2d 502, 504 (9th Cir. 1987) (quoting 29 U.S.C. § 1401(a)(1)) (internal quotations and alterations omitted).

The Ninth Circuit explained that the congressional purpose of § 1401(a) was to make arbitration "the initial stage of the dispute resolution process" and to make judicial consideration merely "a proceeding 'to enforce, vacate, or modify the arbitrator's award'" so as to prevent "'lengthy, costly and complex

litigation'" in the courts.  Id.  Under § 1401(a),
"[i]f an employer fails to initiate arbitration, the
employer waives the opportunity to assert any defenses
that could have been raised before the arbitrator,"
which are any defenses creating a "dispute over
withdrawal liability as determined" by sections 1381
through 1399 of ERISA.  Auto. Indus. Pension Trust Fund
v. Tractor Equipment Sales, Inc., -- F. Supp. 3d. --,
No. 13-cv-03703-WHO, 2014 WL 5810336, at *6 (N.D. Cal.
Nov. 7, 2014) (internal quotation marks omitted); 29
U.S.C. § 1401(a)(1).

   Here, Plaintiffs allege that Defendant "has not
requested review or initiated arbitration with the
Pension Fund pursuant to 29 U.S.C. [§§ 1399(b)(2)(A),
1401]," Compl. ¶ 19, and that Defendant's "Ninth,
Tenth, Eleventh, and Thirteenth" affirmative defenses
are "committed to mandatory arbitration" by § 1401(a)
of ERISA, Mot. P&A 4:13-5:18; Reply 4:22-27.  Defendant
does not respond to or rebut Plaintiffs' § 1401(a)
arguments.[7]

   Defendant's failure to respond to Plaintiffs' §
1401(a) arguments will be construed as a concession by

---

   [7] Because § 1401(a) expressly mandates that certain
"disputes" be committed to arbitration, it is Defendant's burden
to show the Court that Defendant has complied with § 1401(a)
before bringing such "disputes" before the Court.  Here,
Defendant has failed to allege that it initiated review or
arbitration in compliance with § 1401(a) and also admits in its
Second Affirmative Defense that Defendant has not "enter[ed]
arbitration."  Answer 5:26-6:1.

Defendant and, as such, Defendant is deemed to have abandoned its Ninth, Tenth, Eleventh, and Thirteenth affirmative defenses. <u>See</u> <u>Stichting Pensioenfonds</u>, 802 F. Supp. 2d at 1132 (stating that in general, "failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue"). Plaintiff's Motion to Strike these affirmative defenses is **GRANTED**. The Court **STRIKES WITH PREJUDICE** Defendant's Ninth, Tenth, Eleventh, and Thirteenth affirmative defenses for legal insufficiency.

Though Plaintiffs do not assert that Defendant's Second and Third affirmative defenses are committed to mandatory arbitration by § 1401(a) of ERISA,[8] the Court will *sua sponte* consider whether these affirmative defenses are legally insufficient under § 1401(a). <u>See</u> Fed. R. Civ. P. 12(f).

Defendant's Second Affirmative Defense asserts that

_____

[8] Plaintiffs ask the Court to strike Defendant's Second and Third affirmative defenses on other grounds: Plaintiffs assert that these affirmative defenses are preempted by ERISA because they are "based on state law." Mot. P&A 9:3-17. The Court finds that determining such a legal question is not appropriate at the Motion to Strike phase of this Action.
  Defendant's failure to respond to Plaintiff's ERISA-preemption arguments will not be treated as a concession because Plaintiffs bear the burden of proof for ERISA preemption of Defendant's state-law affirmative defenses, as ERISA preemption is an affirmative defense to Defendant's affirmative defenses. Plaintiffs have not met their burden of production on the issue; Plaintiffs' only argument for ERISA preemption of Defendant's state-law affirmative defenses is that Defendant's state-law affirmative defenses are "based on state law." Such an argument is insufficient, as ERISA does not preempt all state law.

Plaintiffs should be barred from recovery because Plaintiffs "failed to timely provide notice of withdrawal liability, . . . failed to provide review to Defendant, . . . failed to submit funding notices . . ., [and] refused to allow Defendant to exhaust administrative remedies, as Plaintiffs prevented Defendant from entering arbitration by imposing an unconscionable and invalid arbitration clause on Defendant." Answer 5:19-6:1. As Sections 1382 through 1399 govern notice and review procedures for plans, such disputes must be submitted to arbitration under § 1401(a). See, e.g., Sept. 15, 2014 Order, Vander Poel, No. CV 12-4550-FMO(OPx), Dckt # 116, at *5 (C.D. Cal. Sept. 15, 2014) (unpub. civil minutes) (striking defendant's affirmative defense of estoppel because, among other reasons, it "should have been raised before an arbitrator" pursuant to ERISA's Section 1401(a)).

Defendant's allegation that the arbitration clause is "unconscionable and invalid" is a legally insufficient affirmative defense because in the context of withdrawal liability, arbitration is *statutorily* required and thus does not depend on the validity of an arbitration clause in a contract. July 10, 2013 Order, Vander Eyk, No. CV 12-4545 DSF (Spx), Dckt. # 72, at *5 (C.D. Cal. July 10, 2013) ("Defendant spends considerable energy attacking the arbitration provision in the collective bargaining agreement as unconscionable, but, in the context of withdrawal

14

liability, arbitration is statutorily required.").
Here, Defendant "could have moved within the time
allotted for arbitration to have a court . . . decide
whether [the arbitration clause] . . . was
unconscionable." Id.  In other words, *even if* the
arbitration clause is unconscionable or invalid,
"arbitration could have proceeded under the default
arbitration rules provided by regulation." Id.; see
Teamsters Pension Trust Fund-Bd. v. Allyn Trans. Co.,
832 F.2d 502, 505 (9th Cir. 1987) ("In this case, the
duty to arbitrate arose not from an agreement of the
parties, but from the statute.").

     As such, the Court **GRANTS** Plaintiffs' Motion to
Strike this affirmative defense and **STRIKES WITH
PREJUDICE** Defendant's Second Affirmative Defense for
legal insufficiency under § 1401(a) of ERISA.

     Defendant's Third Affirmative Defense, waiver,
asserts that Plaintiffs have waived any right to
withdrawal liability because Plaintiffs "failed to
timely provide notice of withdrawal liability and
demand payment of withdrawal liability within the
applicable statute of limitations." Answer 6:6-9.
Because notice, demand procedures, and time lines are
governed by Sections 1382 through 1399 of ERISA, such
disputes must be arbitrated under Section 1401(a).  As
such, Plaintiffs' Motion to Strike this affirmative
defense is **GRANTED**, and the Court **STRIKES WITH
PREJUDICE** Defendant's Third Affirmative Defense for

legal insufficiency under § 1401(a) of ERISA.  <u>See,</u>
<u>e.g.</u>, Sept. 15, 2014 Order, <u>Vander Poel</u>, No. CV 12-
4550-FMO(OPx), Dckt # 116, at *7 (C.D. Cal. Sept. 15,
2014) (unpub. civil minutes) (striking defendant's
affirmative defense of waiver because "defendant's
failure to initiate arbitration precludes a waiver
defense premised on plaintiff's failure to provide
timely notice").

    2.  <u>Pleading Insufficiency</u>

    A defense is insufficiently pled if it fails to
give the plaintiff fair notice of the nature of the
defense.  <u>Barnes v. AT&T Pension Benefit Plan-</u>
<u>Nonbargained Program</u>, 718 F. Supp. 2d 1167, 1170 (N.D.
Cal. 2010) (citing <u>Wyshak v. City Nat'l Bank</u>, 607 F.2d
824, 827 (9th Cir. 1979)).  "Fair notice generally
requires that the defendant state the nature and
grounds for the affirmative defense," but a "detailed
statement of facts is not required."  <u>Amini</u>, 2014 WL
360048, at *2 (internal quotation marks omitted).
Because the defendant bears the burden of proof on
affirmative defenses, the defendant must plead "at
least some valid factual basis" in support of its
affirmative defense.  <u>Perez v. Gordon & Wong Law Grp.,</u>
<u>P.C.</u>, No. 11-CV-03323-LHK, 2012 WL 1029425, at *7 (N.D.
Cal. Mar. 26, 2012).

    Defendant's Fourth Affirmative Defense asserts
"unclean hands," and for support, Defendant alleges
only that this defense is "based upon their

[Plaintiffs'] own fault or misconduct." Answer 4:12.
Such pleading clearly falls short of providing
Plaintiffs with "notice of the underlying factual bases
of the defense." Perez, 2012 WL 1029425, at *7. As
such, the Court **GRANTS** Plaintiff's Motion to Strike
this affirmative defense and **STRIKES WITHOUT PREJUDICE**
Defendant's Fourth Affirmative Defense, granting twenty
(20) days leave to amend. See, e.g., Amini, 2014 WL
360048, at *3 (striking affirmative defense without
prejudice for failure to "put Plaintiff on fair notice
of the defense" and granting twenty days leave to
amend).

Defendant's Twelfth Affirmative Defense alleges
that Plaintiffs have failed to mitigate damages.
Answer 11:2-13. Defendant asserts that "Plaintiffs
failed to timely provide notice of withdrawal
liability." Id. at 11:6. As Sections 1382 through
1399 of ERISA govern notice procedures, see supra, this
ground is legally insufficient under § 1401(a) of
ERISA. Defendant also asserts under its Twelfth
Affirmative Defense that Plaintiffs have failed to
mitigate damages "by failing to take such actions as
are reasonably necessary to minimize any loss which may
have, or in the future may be, sustained." Answer
11:2-6. Such an allegation does not give Plaintiffs
"fair notice" of the "underlying factual bases" of this
defense. Amini, 2014 WL 360048, at *2; Perez, 2012 WL
1029425, at *7. The rest of Defendant's "grounds" for

its Twelfth Affirmative Defense are various contract defenses, and none allege facts showing "how the plaintiffs could have avoided the accumulation of damages." <u>Iron Workers' Local No. 25 Pension Fund v. Klassic Servs., Inc.</u>, 913 F. Supp. 541, 546 (E.D. Mich. 1996); <u>cf.</u> <u>Operating Eng'rs' Pension Trust Fund v. Clark's Welding & Machine</u>, 688 F. Supp. 2d 902 (N.D. Cal. 2010).   Because Defendant has failed to allege sufficient factual allegations to support its Twelfth Affirmative Defense, Plaintiffs' Motion to Strike this affirmative defense is **GRANTED**, and Defendant's Twelfth Affirmative Defense is **STRICKEN WITHOUT PREJUDICE** with twenty (20) days leave to amend.

C.   <u>**Immaterial / Impertinent**</u>

An allegation is immaterial if it "'has no essential or important relationship to the claim for relief or the defenses being pleaded.'" <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), <u>rev'd on other grounds</u>, 510 U.S. 517 (1994).   An allegation is impertinent if it does not pertain, or is not necessary, to the issues in question.   <u>Id.</u>

Defendant's allegations in paragraphs five through seven of its Answer, also included in some of Defendant's affirmative defenses, allege that Plaintiff Fund is "not a valid Taft-Hartley pension fund" because the Fund is operating "in direct violation of the LMRA" (also known as the Taft-Hartley Act).   Answer ¶¶ 5-7. Such allegations are impertinent and immaterial, as

18

Defendant provides no legal support for its
allegations, see Opp'n 5:1-23, and nothing in ERISA
requires Plaintiffs to be a "valid Taft-Hartley pension
fund" or denies an award of withdrawal liability if a
plaintiff is operating "in direct violation of the
LMRA."

Plaintiffs argue that "nothing in either ERISA or
the MPPAA make a pension plan's status as a
'multiemployer plan' depend on its compliance with the
LMRA," and "remedies for any violations of the LMRA are
specified in the LMRA, and do *not* include relieving an
employer of its withdrawal liability under ERISA."
3:24-4:7.  Defendant does not rebut these arguments.

Thus, Defendant's allegations in paragraphs five
through seven of its Answer (except for the first
sentence in each paragraph), as well as any similar
allegations in Defendant's affirmative defenses
asserting Plaintiffs' invalidity under the LMRA or
Plaintiffs' violations of the LMRA, are "impertinent"
and "immaterial" to the issues in this Action.

Plaintiffs' Motion to Strike these allegations is
**GRANTED**, and Defendant's allegations in paragraphs five
through seven (except the first sentence in each
paragraph), as well as any similar allegations in
Defendant's affirmative defenses, are **STRICKEN WITH
PREJUDICE**.  Leave to amend would be futile: no new
facts would make Plaintiffs' invalidity under the LMRA
pertinent or material to this Action.

**D.** **Redundant**

An allegation is redundant if it is "needlessly repetitive or wholly foreign to the issues involved in the action." Cal. Dep't of Toxic Substances Control v. Aloco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). Defendant's Fifth Affirmative Defense, that no valid collective bargaining agreement exists, is effectively identical to Defendant's Fourteenth Affirmative Defense, and the grounds for Defendant's Fifth Affirmative Defense are recited in their entirety within Defendant's Fourteenth Affirmative Defense. See Answer 6:16-19, 12:1-13:1. Defendant's Sixth Affirmative Defense, that "there is no provision in any valid collective bargaining agreement," is effectively identical to Defendant's Fifth and Fourteenth affirmative defenses, and the grounds for Defendant's Sixth Affirmative Defense are recited in their entirety within Defendant's Fourteenth Affirmative Defense. Answer 7:11-14, 12:1-13:1. Thus, Defendant's Fifth and Sixth affirmative defenses are "needlessly repetitive."

As such, the Court will *sua sponte* **STRIKE WITH PREJUDICE** Defendant's Fifth and Sixth affirmative defenses. Leave to amend is not appropriate when a defendant's allegation needlessly repeats another allegation, as leave to amend in such a circumstance would cause undue delay and is thus not in the interests of justice. See Kuschner v. Nationwide Credit, Inc., 256 F.R.D. 684, 688 (E.D. Cal. 2009)

("Leave to amend should be freely granted under Rule 15 unless the amendment would be improper or otherwise unjust, considering bad faith, undue delay, prejudice to the opposing party, and the futility of the amendment.").

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion to Strike [13] as follows:

(1) Defendant's First Affirmative Defense is **STRICKEN WITH PREJUDICE** in so far is it an affirmative defense; *Defendant may assert this allegation in any other proper manner, but not as an affirmative defense*;

(2) Defendant's Second Affirmative Defense is **STRICKEN WITH PREJUDICE**;

(3) Defendant's Third Affirmative Defense is **STRICKEN WITH PREJUDICE**;

(4) Defendant's Fourth Affirmative Defense is **STRICKEN WITHOUT PREJUDICE**, with twenty (20) days leave to amend;

(5) Defendant's Fifth Affirmative Defense is **STRICKEN WITH PREJUDICE**;

(6) Defendant's Sixth Affirmative Defense is **STRICKEN WITH PREJUDICE**;

(7) Defendant's Ninth Affirmative Defense is **STRICKEN WITH PREJUDICE**;

(8) Defendant's Tenth Affirmative Defense is **STRICKEN WITH PREJUDICE**;

(9) Defendant's Eleventh Affirmative Defense is

1   **STRICKEN WITH PREJUDICE**;

2       (10) Defendant's Twelfth Affirmative Defense is

3   **STRICKEN WITHOUT PREJUDICE**, with twenty (20) days leave

4   to amend;

5       (11) Defendant's Thirteenth Affirmative Defense is

6   **STRICKEN WITH PREJUDICE**;

7       (12) Defendant's Fifteenth Affirmative Defense is

8   **STRICKEN WITH PREJUDICE** in so far as it is an

9   affirmative defense; *Defendant may assert this*

10  *allegation in any other proper manner, but not as an*

11  *affirmative defense.*

12      **IT IS SO ORDERED.**

13

14  DATED: February 6, 2015          RONALD S.W. LEW
                                     _____
15                                   **HONORABLE RONALD S.W. LEW**
                                     Senior U.S. District Judge
16

17

18

19

20

21

22

23

24

25

26

27

28