Howard A. Sagaser, State Bar No. 72492
Ian B. Wieland, State Bar No. 285721
**SAGASER, WATKINS & WIELAND PC**
7550 North Palm Avenue, Suite 100
Fresno, California 93711
Telephone: (559) 421-7000
Facsimile: (559) 473-1483

Attorneys for Defendant
FERREIRA DAIRY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST<br><br>and<br><br>BOARD OF TRUSTEES OF THE DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>FERREIRA DAIRY,<br><br>Defendant. | Case No.  5:14-cv-01295-RSWL-MAN<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT FERREIRA DAIRY'S MOTION FOR RECONSIDERATION OF ORDER RE: PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES (DOC. 27) PURSUANT TO LOCAL RULE 7-18** |

## I.

## **INTRODUCTION**

Defendant FERREIRA DAIRY respectfully requests that the Court reconsider its February 6, 2015 Order re: Plaintiffs' Motion to Strike Affirmative Defenses & Immaterial & Impertinent Allegations (Doc. 27). This request is made pursuant to Local Rule 7-18, subdivision (c) on the grounds that the Court failed to consider

---

Defendant's arguments raised in its supplemental opposition (Doc. 21) to Plaintiffs' claims that Defendant's Ninth, Tenth, Eleventh, and Thirteenth affirmative defenses are committed to mandatory arbitration pursuant to ERISA § 1401(a). The Court's order states that Defendant failed to respond to Plaintiff's § 1401(a) argument, and thus held that Defendant had abandoned those defenses. (Order, Doc. 27, p. 12-13.) However, Defendant did respond to Plaintiff's § 1401 arguments in its supplemental opposition. Specifically, Defendant argued that § 1401's requirement that an employer submit certain defenses to arbitration does not apply when a company asserts that it is not an "employer" subject to withdrawal liability under the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"). (See Defendant Ferreira Diary's Supplemental Opposition, Doc. 21, at p.2.) Similarly, the Court failed to consider Defendant's material arguments raised in its supplemental opposition when it *sua sponte* considered whether Defendant's Second and Third affirmative defenses were similarly insufficient pursuant to § 1401(a).

## II.
## FACTUAL BACKGROUND

Plaintiffs filed the above entitled action on June 25, 2014 seeking to collect withdrawal liability from Defendant pursuant to ERISA, 29 U.S.C. § 1381 *et seq.* (Doc. 1.) On September 29, 2014, Defendant filed its answer, denying it owes any withdrawal liability to Plaintiffs and setting forth fifteen affirmative defenses. (Doc. 9.) On October 20, 2014, Plaintiffs filed a motion to strike Defendant's First, Second, Third, Fourth, Ninth, Tenth, Eleventh, Twelfth, and Thirteen Affirmative Defenses, as well as certain allegations regarding whether Plaintiff Fund[1] is a valid pension fund under ERISA. (Doc. 13.) On October 28, 2014, Defendant filed its Opposition to Plaintiff's Motion to Strike. (Doc. 18.) Plaintiffs filed their Reply on

---

[1] "Plaintiff Fund" refers to Plaintiff Dairy Employees Union Local No. 17 Christian Labor Association of the United States of America Pension Trust.

2

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT FERREIRA DAIRY'S MOTION FOR RECONSIDERATION
015064.00002 - 122816.1

November 4, 2014. (Doc. 19.) Defendant properly filed a Supplemental Opposition on November 14, 2014. (Doc. 21.) On February 6, 2015, the Court issued its Order re. Plaintiffs' Motion to Strike. (Doc. 27.) The Court granted Plaintiff's motion to strike, with prejudice, to Defendant's First, Second, Third, Fifth, Sixth, Ninth, Tenth, Eleventh, Thirteenth, and Fifteenth Affirmative Defenses. (Doc. 27 at pp. 21-22.) The Court further granted Plaintiff's motion to strike, without prejudice and providing twenty (20) days leave to amend, to Defendant's Fourth and Twelfth Affirmative Defenses. (*Ibid.*) On February 25, 2015, the Court approved an order extending the time for Defendant to file an amended answer to Plaintiffs' Complaint pending the Court's ruling on both Plaintiffs and Defendants Motions for Reconsideration. (Doc. 31.)

## III.

## LEGAL STANDARD FOR MOTION FOR RECONSIDERATION

Although the FRCP does not expressly authorize a motion for reconsideration, "(a) district court has the *inherent power* to reconsider and modify its interlocutory orders prior to the entry of judgment . . ." (*Smith v. Massachesettes* (2005) 543 US 462, 475 (emphasis added; internal quotes omitted.).) The court's inherent power extends to prior rulings in the same litigation, even if made by a district judge previously presiding in the case, including (where the case has been transferred) a judge of a different court. (*Santamarina v. Sears, Roebuck & Co.* (7th Cir. 2006) 466 F.3d 570, 572.)

However, reconsideration is an "extraordinary remedy, to be used sparingly." Absent highly unusual circumstances, a motion for reconsideration will not be granted "unless the district court is presented with *newly discovered evidence, committed clear error, or if there in an intervening change in the controlling law.*" (*Kona Enterprises, Inc. v. Estate of Bishop* (9th Cir. 2000) 229 F.3d 877, 890 (emphasis added; internal quotes omitted) [dealing with post judgment motion];

*Villanueva v. United States* (1st Cir. 2011) 662 F.3d 124, 128 [where movant shows district court has misunderstood the party or made error of apprehension, reconsideration may be proper]; see *Santamarina v. Sears, Roebuck & Co., supra*, 466 F.3d at 572.)

In the Central District of California, a motion for reconsideration may be made only on grounds of:

- A "material difference in fact or law" from that presented to the court at the time of hearing that could not have been reasonably known to the party seeking reconsideration;
- Emergence of new material facts or a change of law *occurring after* the hearing; or
- "a manifest showing of a failure to consider material facts" presented to the court at the hearing. (CD CA Local Rule, Rule 7-18.)

Pursuant to Central District of California Local Rule 7-18, Defendant seeks a reconsideration of the Court's Order re: Plaintiff's Motion to Strike on the grounds that it believes the Court failed to consider arguments it raised in its opposition papers.

### III.
### ARGUMENT

**A.   Defendant Responded to Plaintiffs' Section 1401(a) Arguments in its Supplemental Opposition.**

With regard to the Court's decision to strike with prejudice Defendant's Ninth, Tenth, Eleventh, and Thirteenth affirmative defenses on the basis that they are committed to mandatory arbitration under § 1401(a), the Court stated: "Defendant's failure to respond to Plaintiffs' § 1401(a) arguments will be construed as a concession by Defendant and, as such, Defendant is deemed to have abandoned its Ninth, Tenth, Eleventh, and Thirteenth affirmative defenses. [Citation.]" (Order,

Doc. 27, pp. 12:21-13:3.) Although not asserted by Plaintiffs, the Court also held that Defendant's Second and Third affirmative defenses are committed to mandatory arbitration by § 1401(a), and on the same basis granted the motion to strike with prejudice those defenses. (Order, Doc. 27, pp. 13-15.)

Defendant did respond and rebut Plaintiffs' § 1401(a) arguments in its Supplemental Opposition brief. (Doc. 21, p. 2.) Specifically, Defendant argued:

> The issue of whether a defendant is an employer subject to the MPPAA is a question that is properly brought before the Court, not an arbitrator. (*Rheem Manufacturing Company v. Central States Southeast and Southwest Areas Pension Fund*, 63 F.3d 703, 705-706 (1995 8th Cir.).) Further, companies can by-pass arbitration for the limited purpose of asserting that it is not an "employer" subject to the MPPAA. (*Ibid.*; *Mason & Dixon Tank Lines, Inc. v. Central States Pension Fund*, 852 F.2d 156, 157 (6th Cir. 1988); see also *Teamsters Joint Council No. 83 v. CenTran Inc.*, 947 F.2d 115, 122 (4th Cir. 1991); *Banner Indus. v. Central States Pension Fund*, 875 F.2d 1285, 1293 (7th Cir. 1989); *Board of Trustees of Trucking Employees of North Jersey Welfare Fund, Inc.-Pension Fund v. Centra*, 983 F,2d 495, 501 (3rd Cir. 1992).)

(Doc. 21, p. 2:5-15.)

Despite having recognized Defendant "properly filed a Supplemental Opposition on November 14, 2014 [21]", the Court's order demonstrates that the Court did not have an opportunity to consider these arguments. (See Order, Doc. 27, p. 5:1-2.) Thus, Defendant respectfully requests that the Court reconsider its order striking, with prejudice, Defendant Second, Third, Ninth, Tenth, Eleventh, and Thirteenth Affirmative Defenses.

**B.   Defendant's Second, Third, Ninth, Tenth, Eleventh, and Thirteenth Affirmative Defenses Are Legally Sufficient and Should Not Have Been Stricken.**

As the Court explained in its order, citing *Empl. Painters' Trust v. Pac.N.W. Contractors, Inc.*, No. C13-05018-BHS, 2013 WL 1774628, at *4 (W.D. Wash. Apr. 25, 2013), "[A]n affirmative defense is legally insufficient only if it clearly

lacks merit 'under any set of facts the defendant might allege.'" When determining the legal sufficiency of an affirmative defense on a motion to strike, the court "may not resolve disputed and substantial ... legal issues." (*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).) Defendant contends that its Second, Third, Ninth, Tenth, Eleventh and Thirteenth Affirmative Defenses have merit and should not be stricken because the issue of whether it is an "employer" under the MPPAA has not yet been determined by this Court.

Under the line of reasoning in the cases cited by Defendant in its Supplemental Opposition, the Second, Third, Fourth, Sixth, and Eighth Circuits have held that because Section 1401 only requires arbitration for disputes between an "employer" and a pension fund, whether a defendant is an employer for purposes of withdrawal liability is "properly for the courts, not an arbitrator, to determine." (*Rheem Mfg. Co. v. Central States, Southeast & Southwest Areas Pension Fund*, 63 F.3d 703 (8th Cir.), *cert. denied,* 516 U.S. 1146.) When the defendant company disputes its status as an employer before the district court, the district court's "resolution decides an arbitrator's authority over a dispute" pursuant to § 1401(a). (*Banner Indus. v. Central States Pension Fund*, 875 F.2d 1285, 1293 (7th Cir. 1989).) Thus, if the district court determines the defendant company is not an "employer" subject to withdrawal liability, the company cannot be held to have waived defenses that § 1401(a) commits to mandatory arbitration.

In the present case, the Court has ordered that Defendant's Second, Third, Ninth, Tenth, Eleventh, and Thirteenth Affirmative Defenses are stricken with prejudice on the basis that they should have been raised before an arbitrator pursuant to ERISA's Section 1401(a). However, as demonstrated herein, ERISA's Section 1401(a) presupposes a determination that the pension fund's dispute is with an MPPAA "employer." Seeing as Defendant has properly denied that it is an employer for purposes of the MPPAA, it cannot be held to have waived these

Case 5:14-cv-01295-RSWL-MAN  Document 32-1  Filed 03/03/15  Page 7 of 7  Page ID #:137

defenses until this Court has determined that it is "employer" under the MPPAA. Until such time, Defendant's Second, Third, Ninth, Tenth, Eleventh, and Thirteenth Affirmative Defenses are legally sufficient to withstand Plaintiffs' request to strike.

## IV.
## CONCLUSION

Based on the foregoing, the pleadings on file herein, and upon such other matters as may be presented to the Court, Defendant respectfully requests the Court reconsider its order striking, with prejudice, Defendant's Second, Third, Ninth, Tenth, Eleventh, and Thirteenth Affirmative Defenses.

Dated: March 3, 2015          **SAGASER, WATKINS & WIELAND PC**

By: /s/ Ian B. Wieland
    Howard A. Sagaser
    Ian B. Wieland
    Attorneys for Defendant FERREIRA DAIRY