1  George M. Kraw (Cal. Bar No. 71551)
   Donna L. Kirchner (Cal. Bar. No. 138320)
2  KRAW AND KRAW LAW GROUP
   605 Ellis Street, Suite 200
3  Mountain View, CA 94043
   Telephone: (650) 314-7800
4  Facsimile: (650) 314-7899
   gkraw@kraw.com
5  dkirchner@kraw.com

6  Counsel for Plaintiffs

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11 DAIRY EMPLOYEES UNION           ) Case No.: 5:14-cv-01295-RSWL-MAN
   LOCAL NO. 17 CHRISTIAN          )
12 LABOR ASSOCIATION OF THE        ) **PLAINTIFFS' MOTION FOR**
   UNITED STATES OF AMERICA        ) **RECONSIDERATION IN PART OF**
13 PENSION TRUST, et al.,          ) **ORDER RE MOTION STRIKE**
                                   )
14              Plaintiffs,        )
                                   ) Judge:    Ronald S.W. Lew
15      v.                         )
                                   ) Ctrm:     21-5th Floor
16 FERREIRA DAIRY,                 ) Date:     3/31/2015
                                   ) Time:     10:00 a.m.
17              Defendant.         )
   _____ )
18

19

20      **I.      INTRODUCTION**

21          On February 6, 2015, this Court issued its Order re: Plaintiffs' Motion to Strike

22 Affirmative Defenses & Immaterial & Impertinent Allegations (the "Order").

23 Plaintiffs seek reconsideration of the Order to the extent the Court omitted any ruling

24 on the portion of the motion related to Defendant's lack of ALRB certification

25 defense (set forth in the Fifth, Sixth, Seventh, and Fourteenth Affirmative Defenses)

26 on the grounds that the Court's omission was based on a failure to consider the fact

27 that Plaintiffs had not withdrawn the portion of its motion that sought to strike all

28 four Affirmative Defenses that contained Defendant's lack of ALRB certification

defense. *See*, Civil L.R. 7-18(c).

In the Order, this Court stated that "Plaintiffs' Reply requests that the Court strike only Defendant's First, Second, Third, Fourth, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Affirmative Defenses," citing Plaintiff's Reply brief at 7:9-13. It appears the Court inadvertently overlooked the fact that in their Reply brief Plaintiffs also: 1) state that "[w]ith regard to the Fifth, Sixth, Seventh, and Fourteenth Affirmative Defenses, Defendant has not refuted Plaintiffs' showing that they are barred by Section 515 of ERISA"; and 2) expressly argue in Section II.F. of the Reply brief that Defendant had not shown why Section 515 of ERISA should not apply to bar Defendant's lack of ALRB certification defense (the defense asserted the Fifth, Sixth, Seventh, and Fourteenth Affirmative Defenses). (*See*, Reply (dkt # 19), 2:9-11 & 6:21–7:6.)

In this motion Plaintiffs respectfully ask that the Court reconsider its ruling to the extent it did not rule on the portion of the motion seeking to strike all four[1] of the affirmative defenses in which Defendant attempts to assert a lack of ALRB certification defense (i.e., Defendant's Fifth, Sixth, Seventh, and Fourteenth Affirmative Defenses). The issue is purely a legal issue and resolution by the Court now will "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *See, Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 492 (C.D. Cal. 2014) (noting purpose of 12(f) motions to strike) quoting *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

This motion is made following a conference of counsel pursuant to L.R. 7-3 which took place on February 20, 2015.

---

[1] In the Order, the Court *sua sponte* granted the motion to strike the Fifth and Sixth Affirmative Defenses on the grounds they were redundant because they are repeated in the Fourteenth Affirmative Defense. (*See*, Order, 20:1–21:5.)

C12-4550 FMO (OPx)  Plaintiffs' Motion for Reconsideration in Part                     *Page 2*

## II. LEGAL STANDARDS

In this district, motions for reconsideration are governed by Local Rule 7–18, which states:

> "A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."

Whether to grant a motion for reconsideration pursuant to Local Rule 7–18 is a matter within the Court's discretion. *See*, *Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1122 (C.D. Cal. 2005).

While Local Rule 7-18 sets forth the grounds on which a party must base any motion for reconsideration, the Court itself is not limited by the parameters of Local Rule 7-18. The Court has inherent authority to reconsider interlocutory rulings at any time prior to final judgment. *See, Amarel v. Cornell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[T]he interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment"); *see also, Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 465 (9th Cir. 1989) ("Courts have inherent power to modify their interlocutory orders before entering a final judgment"); and *Bucy v. Nevada Construction Co.*, 125 F.2d 213, 217 (9th Cir. 1942) ("Rule 60 does not affect, interfere with, or curtail the common-law power of the federal courts [;] ... the broad power, which was theirs by the common law, to deal with situations where ... relief should be granted from manifest error, remain[s] inherent in the courts").

## III. DISCUSSION

The Court's omission of any ruling on Plaintiffs' motion to strike with regard

to Defendant's lack of ALRB certification defense–which is set forth in the Fifth, Sixth, Seventh, and Fourteenth Affirmative Defenses–appears to be based on an inadvertent oversight of the fact that Plaintiffs had not withdrawn the motion as to the lack of certification defense.  Reconsideration is thus warranted because it appears the Court misunderstood Plaintiffs' position in its Reply.  *See, Villanueva v. United States*, 662 F.3d 124, 128 (1st Cir. 2011) (noting that reconsideration may be proper where the court has misunderstood a party).

In Section III.D. of their moving papers, Plaintiffs argued that the Fifth, Sixth, Seventh, and Fourteenth Affirmative Defenses are barred by Section 515 of ERISA. (*See*, Plaintiffs Memorandum of Points And Authorities in Support of Plaintiffs' Motion to Strike Affirmative Defenses and Immaterial and Impertinent Allegations ("Motion to Strike") (Dkt #14-1), 5:19 – 9:3.)

In the "Introduction" section of their Reply brief, Plaintiffs specifically refer to the Fifth, Sixth, Seventh, and Fourteenth Affirmative Defenses and note that "Defendant has not refuted Plaintiffs' showing that they are barred by Section 515 of ERISA." (*See*, Reply (dkt # 19), 2:9-11.)  Moreover, the main substantive issue regarding those four Affirmative Defenses–the lack of ALRB certification defense (which did not relate to any other Affirmative Defense)–was argued in Section II.F. of the Reply brief.  Plaintiffs' counsel inadvertently failed to also mention the Fifth, Sixth, Seventh, and Fourteenth Affirmative Defenses in the "Conclusion" section of Plaintiffs' reply brief.  (*See*, Declaration of Donna L. Kirchner, filed herewith, ¶ 2.) However, it is clear from a review of the Reply brief in its entirety that Plaintiffs were continuing to argue that those four Affirmative Defenses, and specifically the lack of ALRB certification defense contained therein, should be stricken.  Nowhere in the Reply brief did Plaintiffs state that they were withdrawing the motion as to those four Affirmative Defenses, and Plaintiffs did not intend to withdraw the motion as to those Affirmative Defenses.  (*See, id*.)  Thus, the issue of whether the Fifth, Sixth, Seventh, and Fourteenth Affirmative Defenses should be stricken as barred by Section 515 of

ERISA remained at issue.  Reconsideration of the Order regarding that issue is warranted because the Court apparently overlooked the fact that the Plaintiffs had not withdrawn the Motion to Strike as to those Affirmative Defenses.

Even if the Court does not consider the overlooked "fact" Plaintiffs rely on in this motion to constitute the kind of fact covered by Local Rule 7-18(c), Plaintiffs note that the Court has inherent authority to reconsider its interlocutory rulings at any time prior to final judgment.  *See, Amarel v. Cornell*, 102 F.3d at 1515.  Reconsideration of the Order with regard to the omission of any ruling on the Section 515 issue is particularly appropriate because Section 515 was enacted for the express purpose of protecting multiemployer pension funds from "lengthy, costly, and complex litigation" concerning defenses unrelated to the employer's ERISA obligations.  *See, Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148, 1153 (7th Cir. 1989).[2]  And resolution of this legal issue now will "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *See, Amini Innovation Corp.*, 301 F.R.D. at 492.

### IV.   CONCLUSION

Plaintiffs respectfully request that this Court reconsider its ruling on the Motion to Strike with regard to Defendant's purported lack of ALRB certification defense set forth in the Fifth, Sixth, Seventh, and Fourteenth Affirmative Defenses.  Plaintiffs failure to mention those Affirmative Defenses in the conclusion of its Reply brief was an inadvertent oversight.  In the body of the Reply brief, Plaintiffs

---

[2]   While the *Gerber Truck* case dealt with unpaid contributions rather than withdrawal liability, it is well established that Section 515 applies to withdrawal liability as well as contributions. *See,* 29 U.S.C. § 1451(b); *see also, e.g., Board of Trustees of Watsonville Frozen Food Welfare Trust Fund v. California Co-op. Creamery*, 877 F.2d 1415, 1424 (9th Cir. 1989) (finding that Section 515 applied to action to collect termination premium assessed against employer who withdrew from an ERISA multiemployer employee benefit fund); and *Board of Trustees, Sheet Metal Workers' Nat'l. Pension Fund v. E. Sign Tech, LLC*, 1:05CV410 (JCC), 2006 WL 587727 (E.D. Va. Mar. 10, 2006) ("any suggestion that § 515 does not apply to withdrawal liability is erroneous").

1  continued to argue that the lack of ALRB certification defense should be stricken
2  because it is barred by Section 515 of ERISA. A ruling on this legal issue now will
3  help streamline the proceedings in this case. Reconsideration as to the Section 515
4  issue is thus warranted.

5  Dated: March 3, 2015                    KRAW & KRAW LAW GROUP

7                                            */s/ Donna Kirchner*
                                         Donna L. Kirchner
8                                            *Attorneys for Plaintiffs*