|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | CENTRAL DISTRICT OF CALIFORNIA | |
| 10 | | |
| 11 | DAIRY EMPLOYEES UNION LOCAL ) | 5:14-cv-01295-RSWL-MAN |
| 12 | NO. 17 CHRISTIAN LABOR ) ASSOCIATION OF THE UNITED ) STATES OF AMERICA PENSION ) | **ORDER re: Defendant's Motion for** |
| 13 | TRUST *and* BOARD OF TRUSTEES ) OF THE DAIRY EMPLOYEES ) | **Reconsideration of Order** |
| 14 | UNION LOCAL NO. 17 ) CHRISTIAN LABOR ASSOCIATION ) | **re: Plaintiffs' Motion** |
| 15 | OF THE UNITED STATES OF ) AMERICA PENSION TRUST, ) | **to Strike Affirmative** |
| 16 | ) | **Defenses (Doc. 27)** |
| 17 | Plaintiffs, ) ) | **Pursuant to Local Rule** |
| 18 | v. ) ) | **7-18** [32] *and* |
| 19 | FERREIRA DAIRY, ) | **Plaintiffs' Motion for Reconsideration in Part** |
| 20 | ) Defendant. ) | **of Order re Motion to** |
| 21 | ) ——————————————————) | **Strike** [33] |

## INTRODUCTION

Currently before the Court are Defendant's [32] and Plaintiffs' [33] Motions for Reconsideration ("Motions") of the Court's February 6, 2015, Order [27] granting Plaintiffs' Motion to Strike affirmative

1

defenses and immaterial and impertinent allegations in Defendant's Answer.

The Court, having reviewed all papers submitted and pertaining to the Motions [32, 33], **NOW FINDS AND RULES AS FOLLOWS:** The Court **DENIES** both Defendant's [32] and Plaintiffs' [33] Motions for reconsideration.

## I. BACKGROUND

This is an action by an alleged ERISA pension fund to collect withdrawal liability from Defendant Ferreira Dairy under the Multiemployer Pension Plan Amendments (MPPAA) to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1381 et seq.  Compl. ¶ 1.  A more thorough factual background of this Action is supplied in the Court's February 6, 2015, Order [27].

On February 6, 2015, the Court issued its Order [27] granting Plaintiffs' Motion to Strike Affirmative Defenses and Immaterial and Impertinent Allegations in Defendant Ferreira Dairy's Answer ("Order").  On March 3, 2015, Defendant filed its present Motion [32] for reconsideration of the Order.  On the same day, Plaintiffs filed their present Motion [33] for partial reconsideration of the Order.  The parties' oppositions and replies were timely filed.  Dckt. ## 35, 36, 38, 39.  Both Motions [32, 33] were set for hearing on March 31, 2015, and taken under submission on March 26, 2015 [41].

## II. LEGAL STANDARD

While Federal Rules of Civil Procedure 59 and 60

permit reconsideration of final judgments,[1] Local Rule 7-18 further allows reconsideration "of the decision on any motion," which includes interlocutory orders such as an order granting a motion to strike.[2] C.D. Cal. Civ. L.R. 7-18; see United States v. Curiel, No. 2:05-cr-00889-RSWL, 2015 WL 143897, at *1 (C.D. Cal. Jan. 12, 2015).

A motion for reconsideration pursuant to Local Rule 7-18 may be made only on the following grounds:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or
>
> (b) the emergence of new material facts or a change of law occurring after the time of such decision, or
>
> (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. Civ. L.R. 7-18; see In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig., 966 F. Supp. 2d 1031,

---

[1] See Rappuchi v. Johnson & Johnson, No. CV 14-7392 JGB (Spx), 2014 WL 7272426, at *2 (C.D. Cal. Dec. 17, 2014) (noting that Fed. R. Civ. P. 54(a) "defines 'judgment,' . . . to 'include[] a decree and any order from which an appeal lies.'").

[2] Harvey Aluminum v. Int'l Longshoremen's & Warehousemen's Union, Local 8, 278 F.2d 63, 63-64 (9th Cir. 1960).

1036 (C.D. Cal. 2013).  A motion for reconsideration must not "repeat any oral or written argument made in support of or in opposition to the original motion."  C.D. Cal. Civ. L.R. 7-18.

A motion for reconsideration "should not be granted, absent highly unusual circumstances."  <u>Rogers v. United States</u>, No. CR 14-04042-RSWL, 2014 WL 7333409, at *1 (C.D. Cal. Dec. 19, 2014) (internal quotation marks omitted).  Whether to grant a motion for reconsideration "'is committed to the sound discretion of the court.'"  <u>Id.</u> at *2.

### III. ANALYSIS

**A.   <u>Defendant's Motion for Reconsideration</u>**

Defendant moves for reconsideration pursuant to subsection (c) of Local Rule 7-18.  <u>See</u> Def.'s Notice of Mot. for Reconsideration 1:28-2:9, ECF No. 32.  Subsection (c) requires "a manifest showing of [the Court's] failure to consider material facts presented to the Court before such decision."  C.D. Cal. Civ. L.R. 7-18(c).  Defendant fails to point out any material *facts* the Court failed to consider, arguing only that the Court either "failed to consider Defendant's *arguments* raised in its supplemental opposition" or failed to adopt Defendant's *arguments* regarding the affect of Section 1401's mandatory arbitration provision on Defendant's affirmative defenses.  Def.'s Mem. P&A Supp'g Def.'s Mot. for Reconsideration ("Def.'s Mot.") 5:17-19, 6:4-7, ECF No.

4

32-1 (empsis added).  Because Defendant's Motion [32] fails to comply with Local Rule 7-18, the Court **DENIES** Defendant's Motion for Reconsideration [32].

But even if the Court were to consider Defendant's arguments for reconsideration, Defendant's arguments fail.

1. <u>Defendant's Failure to Respond</u>

With regard to the Court's striking Defendant's Ninth, Tenth, Eleventh, and Twelfth Affirmative Defenses for Defendant's failure to rebut Plaintiffs' argument that those affirmative defenses were committed to mandatory arbitration under § 1401 of ERISA, Defendant asserts that it "did respond and rebut Plaintiffs' § 1401(a) arguments in its Supplemental Opposition brief."  Def.'s Mot. 5:5-6.  The Court rejects Defendant's contention because Defendant's "response" on the § 1401 issue in its Supplemental Opposition was untimely and procedurally improper: Defendant's Supplemental Opposition was permitted for the limited purpose of allowing Defendant to respond to Plaintiffs' inadvertently late-offered argument that Defendant's Twelfth Affirmative Defense was a state-law affirmative defense preempted by ERISA.  <u>See</u> Reply 2:4 n.2; Supp. Opp'n 1:20-24.  Defendant was not permitted to raise any other issues in its Supplemental Opposition and certainly was not permitted to make arguments that could have been previously asserted in Defendant's Opposition.

5

Defendant had a fair opportunity to rebut Plaintiffs' clearly articulated arguments in Defendant's Opposition, but Defendant's Opposition made no mention of § 1401 or of mandatory arbitration, and, as such, could not be construed by the Court as "responding" to Plaintiff's § 1401 argument.  One responds to an argument by *referring* to the argument. Defendant is not pro se and is not entitled to any equitable leniency for such a failure to respond.

2.   Mandatory Arbitration Under § 1401

Regarding Defendant's Second and Third Affirmative Defenses, which the Court *sua sponte* struck pursuant to the mandatory arbitration provision of § 1401, the Court, for the following reasons, rejects Defendant's clever, but flawed, argument that the Court should first determine whether Defendant is an "employer" under the MPPAA before striking any affirmative defenses pursuant to the mandatory arbitration provision in § 1401.

First, practically speaking, the Court's striking of Defendant's affirmative defenses pursuant to § 1401's mandatory arbitration provision cannot prejudice Defendant at all, *even if* Defendant is not an "employer" under the MPPAA for withdrawal liability purposes.[3]  For example, if Defendant is not an employer under the MPPAA, then Plaintiff's prima facie case

---

[3] Of course, the Court takes no position on this issue.

6

fails, and Defendant is not liable at all.  A defendant does not need any affirmative defenses when the plaintiff fails to prove her case in chief.  If Defendant, on the other hand, *is* found to be an "employer" under the MPPAA, then the affirmative defenses stricken pursuant to § 1401 are properly stricken.  By this example, it is clear that, regardless of Defendant's "employer" status under the MPPAA, it is proper in this case for the Court to strike affirmative defenses that are committed to mandatory arbitration under § 1401.

    Secondly, none of the cases[4] cited by Defendant support the contention that a court must first decide the "employer" issue before striking affirmative defenses subject to mandatory arbitration under § 1401. In fact, none of the cases cited by Defendant are actions for withdrawal liability, and thus none discuss striking affirmative defenses at all.  Rather, the cases cited by Defendant are actions for *declaratory relief* in which the plaintiff seeks a declaratory judgment that the plaintiff is not "subject to" the MPPAA.  <u>Banner Indus., Inc. v. Cent. States, Se. & Sw.</u>

---

[4] None of the cases cited by Defendant are Ninth Circuit cases, and thus, even if supportive of Defendant's position, do not justify reconsideration of the Court's Order [27] because the cases are not binding on this Court.  Further, the Court is not aware of any Ninth Circuit precedent supporting Defendant's position.  But even if the Court considered the cases cited by Defendant, and Defendant's related arguments, Defendant's arguments fail.

Areas Pension Fund, 875 F.2d 1285, 1286 (7th Cir. 1989); see Rheem Mfg. Co. v. Cent. States Se. & Sw. Areas Pension Fund, 63 F.3d 703, 706 (8th Cir. 1995); see also Bowers v. Transportacion Maritima Mexicana, S.A., 901 F.2d 258, 259 (2d Cit. 1990).

Whether the employer is in the posture of a plaintiff seeking declaratory judgment *prior to the MPPAA arbitration deadline,* or of a defendant defending against a withdrawal liability action *after the MPPAA arbitration deadline*, is an important distinction when applying the MPPAA's mandatory arbitration provisions and determining the meaning of the cases cited by Defendant. See, e.g., Banner Indus., 875 F.2d at 1293 (stating, in an action for declaratory judgment, that "[t]his is not a case in which the party assessed did absolutely nothing, waited until the pension filed a collection against it, and then for the first time tried to assert its defenses in court when it should have proceeding in arbitration").

Defendant attempts to support its position by claiming that other circuits have held that "[t]he issue of whether a defendant is an employer subject to the MPPAA is a question that is properly brought before the Court, not an arbitrator." Def.'s Mot. 5:7-15. First, the quotation does not even speak to the issue of striking affirmative defenses subject to § 1401, but merely states that the "employer" issue is not required to be arbitrated under § 1401, which is not disputed in

this Action.

Second, Defendant's quote is inaccurate; other circuits have not held such with regard to "a defendant," but, rather, have held that the issue of whether a *plaintiff seeking declaratory judgment prior to the MPPAA's deadline for arbitration* is an employer subject to the MPPAA is a question that a court may determine without violating the MPPAA (i.e., the court has subject matter jurisdiction to determine the "employer" issue, despite the MPPAA's mandatory arbitration provisions, because the court is determining, prior to the arbitration deadline, whether the plaintiff is even subject to the MPPAA). See Rheem Mfg., 63 F.3d at 705-06; Bowers, 901 F.2d at 261.

In other words, the cases cited by Defendant hold merely that, in an action for 1) declaratory judgment 2) brought prior to the MPPAA's deadline for arbitration, 3) a court may determine whether the plaintiff is subject to the MPPAA (including whether the plaintiff is an "employer" under the MPPAA). See Bowers, 901 F.2d at 261-62, 264. Such a holding does not support Defendant's contention that, in an action for withdrawal liability, an alleged employer's affirmative defenses, otherwise subject to § 1401, cannot be stricken until the "employer" issue is resolved.[5]

---

[5] In fact, the Second Circuit in Bowers explicitly noted that, even though the court could determine the "employer" issue,

9

One additional point further refutes Defendant's position. An important purpose "at the heart of" the MPPAA was to prevent "'lengthy, costly, and complex litigation'" by requiring mandatory arbitration (or else waiver) of issues disputing various aspects of withdrawal liability. <u>Teamsters Pension Trust Fund-Bd. of Trustees of W. Conference v. Allyn Transp. Co.</u>, 832 F.2d 502, 504 (9th Cir. 1987). In the context of an action for declaratory relief, the court's determination of the "employer" issue prior to the arbitration deadline would promote the MPPAA's desired efficiency by determining whether the MPPAA even applies prior to the time the parties are required to submit to the MPPAA's requirements. However, when the alleged employer is a *defendant* in a withdrawal liability action, and has had the opportunity to abide by the MPPAA's arbitration

---

"any dispute concerning the notice or amount of withdrawal liability 'shall be resolved through arbitration,'" according to § 1401's mandatory arbitration provision. <u>Bowers</u>, 901 F.2d at 262.

Additionally, a Ninth Circuit case, <u>Teamsters Pension Trust Fund-Bd. of Trustees of W. Conference v. Allyn Transp. Co.</u>, 832 F.2d 502 (9th Cir. 1987), seems to undermine, albeit indirectly, Defendant's position. In <u>Allyn</u>, the defendant argued that the court had to determine whether the defendant "had any duty to arbitrate at all" before arbitration could be initiated under the MPPAA. <u>Id.</u> at 505. The Ninth Circuit rejected that contention, stating that the MPPAA "states unambiguously that any dispute between an employer and the plan sponsor made under section 1381 through 1399 shall be resolved through arbitration, and Congress clearly intended exactly what those words import." <u>Id.</u> (internal quotation marks, citations, and alterations omitted).

requirements, but has refused, it would effectively neuter the MPPAA's mandatory arbitration requirements if the defendant was permitted to litigate, rather than arbitrate, affirmative defenses subject to § 1401(a)(1) until the "employer" issue would be resolved, which would necessarily occur at final judgment because the "employer" issue is part of the plaintiff's prima facie case for withdrawal liability.

In other words, when an alleged employer defending against a withdrawal liability action fails to abide by the MPPAA's arbitration requirements, declines to bring an action for declaratory relief prior to the MPPAA's arbitration deadline, and *then* seeks a judicial determination of its employer status, the alleged employer may not squirm out of § 1401's mandatory arbitration scheme merely by alleging that it is not an "employer" subject to the MPPAA.

**B.     Plaintiffs' Motion for Partial Reconsideration**

Plaintiffs move pursuant to Local Rule 7-18 for partial reconsideration of the Court's Order [27] granting Plaintiff's Motion to Strike "on the grounds that the Court inadvertently failed to consider the fact that Plaintiffs had not withdrawn their motion with regard to the purported lack of ALRB certification defense[s] set forth in Defendant's Fifth, Sixth, Seventh, and Fourteenth Affirmative Defenses." Pls.' Notice Mot. for Reconsideration 1:23-2:1, ECF No. 33;

Kirchner Decl. ¶ 2, ECF No. 33-2. But Plaintiffs' "inadvertence" or the Court's "misunderstanding" are not valid grounds for reconsideration permitted by Local Rule 7-18. See Pls.' Mem. P&A Supp'g Pl.'s Mot. for Reconsideration ("Pls.' Mot.") 4:4-5, ECF No. 33-1.

Alternatively, Plaintiffs request the Court to reconsider the Court's Order pursuant to the Court's "inherent authority to reconsider interlocutory rulings at any time prior to final judgment," regardless of Local Rule 7-18. Pls.' Mot. 1:23-2:1, 3:1-24. The Court declines to exercise such authority.[6] Accordingly, the Court **DENIES** Plaintiffs' Motion for Reconsideration [33].

## VI.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Reconsideration of Order re: Plaintiffs' Motion to Strike Affirmative Defenses (Doc. 27) Pursuant to Local Rule 7-18 [32], and **DENIES**

---

[6] Even if the Court were to reconsider its Order regarding Defendant's Fifth, Sixth, Seventh, and Twelfth Affirmative Defenses, the Court would still deny Plaintiff's Motion to Strike those affirmative defenses because they regard a disputed legal issue that is not "clear": it is improper for a court to determine disputed, unclear legal issues at the motion to strike stage of a proceeding. Whittlestone, Inc. v. Handi-Craft, Co., 618 F.3d 970, 973 (9th Cir. 2010) ("[C]ourts may not resolve disputed and substantial factual or legal issues in deciding a motion to strike."); see also Feb. 6, 2015 Order 13 n.8, ECF No. 27 (refusing to treat Defendant's failure to respond to Plaintiffs' ERISA preemption arguments as a concession because Plaintiffs failed to make a valid ERISA preemption argument by their claim that ERISA preempted all of Defendant's affirmative defenses that were "based on state law," when ERISA "does not preempt all state law.").

Plaintiffs' Motion for Reconsideration in Part of Order re Motion to Strike [33].

**IT IS SO ORDERED.**

DATED: April 28, 2015

*RONALD S.W. LEW*
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge